UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER QUALLS, et al., | No. 2:20-cv-00612-TLN-DB |
| Plaintiffs, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

This matter is before the Court on Defendants County of Sacramento and Sheriff Scott Jones's (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 10.) Plaintiffs Heather Qualls, Michael Qualls, Peter McLaughlin, Chad McLaughlin, and Estate of Irma McLaughlin (collectively, "Plaintiffs") filed an opposition. (ECF No. 11.) Defendants replied. (ECF No. 13.) For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///
///
///

1

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are the surviving heirs of Irma McLaughlin ("McLaughlin").  (ECF No. 1 at 5.) McLaughlin was a prisoner housed at the Sacramento County Jail in early September 2018.  (ECF No. 11-1 at 1.)  Plaintiffs allege Sheriff Scott Jones and Doe Defendants used excessive and unlawful force against McLaughlin at the jail, which caused injuries resulting in her death.  (ECF No. 1 at 6, 9–10.)

Plaintiffs filed a Complaint in Sacramento County Superior Court on October 23, 2019.  (*Id.* at 4.)  Plaintiffs allege a federal claim under 42 U.S.C. § 1983 ("§ 1983") and state law assault/battery and negligence claims.  (*Id.*)  Defendants removed the action to this Court on March 19, 2020, based on federal question jurisdiction.  (*Id.* at 1.)  Defendants filed the instant motion for summary judgment on May 17, 2021.  (ECF No. 10.)

## II.     STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id*. at 324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*

*Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id.* at 587.

### III.   ANALYSIS

Defendants move for summary judgment on all of Plaintiffs' claims.  (ECF No. 10-1 at 4–5.)  The Court will address Plaintiffs' § 1983 claims and state law claims in turn.

### A.   § 1983 Claims

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  The two essential elements a plaintiff must establish for a § 1983 claim are as follows: "(1) that a right secured by the Constitution or laws of the United States was violated[;] and (2) that the alleged violation was committed by a person acting under the color of State law." *Id.*  A person deprives another "of a constitutional right, within the meaning of [§] 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

#### i.   *Claim against Sheriff Jones*

Defendants argue Plaintiffs cannot show that Sheriff Jones — who was not even at the jail during the events at issue — personally participated in the alleged actions taken against McLaughlin.  (ECF No. 10-1 at 1.)  In opposition, Plaintiffs argue Sheriff Jones is liable under a respondeat superior theory.  (ECF No. 11 at 3.)  Plaintiffs cite *Johnson* to support this contention.  (*Id.*)  As will be discussed below, *Johnson* is distinguishable.

In *Johnson*, a sheriff failed to fulfill his statutory duty to appoint members of a classification committee to determine whether the plaintiff should be transferred from an honor camp to jail.  588 F.2d at 742–43.  The plaintiff was transferred without notice or hearing, and his honor camp earnings were forfeited.  *Id.* at 742.  The plaintiff brought a § 1983 claim against the sheriff, among others, for an alleged due process violation.  *Id.*  The sheriff argued he could not be liable because he did not personally participate in the decision to reclassify the plaintiff.  *Id.* at 743.  The Ninth Circuit rejected this argument on appeal, explaining that "personal participation is not the only predicate for § 1983 liability" and that the requisite causal connection can be established by "setting in motion a series of acts by others which the actor knows or reasonably

4

should know would cause others to inflict constitutional injury." *Id.* at 743–44.  The court concluded that the sheriff could be liable because his failure to fulfill his statutory duty to appoint a classification committee resulted in the due process violation and remanded the case.  *Id.* at 744.

Here, unlike *Johnson*, Plaintiffs have not shown that Sheriff Jones had a duty to act and failed to do so.  While the sheriff's failure to act in *Johnson* conceivably set in motion a series of acts that caused the plaintiff's injury, Plaintiffs in the instant case fail to provide any evidence of a causal connection.  As it is, the undisputed evidence shows Sheriff Jones: (1) did not interact with or restrain McLaughlin during her incarceration; (2) was not at the jail during McLaughlin's incarceration; and (3) did not directly supervise the deputy or sergeant who interacted with McLaughlin during her incarceration.  (ECF No. 11-1 at 2.)  Moreover, to the extent Plaintiffs argue *Johnson* involved respondeat superior liability, that is not the case.  To the contrary, the *Johnson* court explicitly noted the plaintiff "did not advance any theory of vicarious liability for the acts of these defendants because applicable California law excludes such liability." 588 F.2d at 744 (citing Cal. Gov't Code § 820.8).  For these reasons, Sheriff Jones is entitled to summary judgment on Plaintiffs' § 1983 claim.[1]

*ii.*  *Claim against the County*

Defendants next argue Plaintiffs do not provide any evidence that the County is liable under *Monell*.  (ECF No. 10-1 at 4–5.)  Plaintiffs do not address Defendants' argument in their opposition.  (*See* ECF No. 11.)

It is well-established that municipalities cannot be held liable under § 1983 for unconstitutional torts of their employees based solely on respondeat superior.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693–94 (1978).  Pursuant to *Monell*, a municipality is only liable under § 1983 when its own illegal acts are a "moving force" in the constitutional violation.  *Id.*  A plaintiff may assert *Monell* liability on one of three grounds: (1) a longstanding practice or custom, which constitutes the "standard operating procedure" of the local government

---

[1]    In addition, Plaintiffs' § 1983 claim against Sheriff Jones in his official capacity is subject to dismissal as being duplicative to the claims against the County.  *See Maldonado v. City of Ripon*, No. 2:17-cv-00478-TLN-GGH, 2018 WL 5304820, at *5 (E.D. Cal. Oct. 24, 2018).

entity; (2) omissions or failures to act that amount to a local government policy of deliberate

indifference to constitutional rights; or (3) a local government official with final policy-making

authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cnty. of Contra Costa*,

591 F.3d 1232, 1249–50 (9th Cir. 2010).

Plaintiffs have not provided any argument or evidence to support a *Monell* claim against

the County. As such, the County is entitled to summary judgment on Plaintiffs' § 1983 claim. In

sum, the Court GRANTS Defendants' motion as to Plaintiffs' § 1983 claims against both

Defendants.

### B.     State Law Claims

As to the state law claims, Defendants again argue it is undisputed that Sheriff Jones was

not at the jail during McLaughlin's incarceration and could not have participated in any alleged

assault. (ECF No. 10-1 at 4.) Defendants also argue Sheriff Jones is immune from liability under

California Government Code § 820.8 ("§ 820.8") and the County is immune from liability under

California Government Code § 844.6 ("§ 844.6"). (*Id.*) In opposition, Plaintiffs do not respond

to Defendants' argument as to Sheriff Jones's immunity under § 820.8. (*See* ECF No. 11.)

Instead, Plaintiffs only argue that § 844.6 cannot shield either Defendant from liability. (*Id.* at 4.)

Section 844.6 provides that, subject to certain exceptions not relevant here, "a public

entity is not liable for . . . [a]n injury proximately caused by any prisoner [or] [a]n injury to any

prisoner." Section 820.8 provides, "a public employee is not liable for an injury caused by the act

or omission of another person." A public employee may be liable, however, "for injury

proximately caused by his own negligent or wrongful act or omission." *Id.*

Plaintiffs do not dispute that § 820.8 precludes claims against Sheriff Jones for the actions

of others. Although § 820.8 does not protect a public employee from liability caused by his own

actions, there is no evidence that Sheriff Jones was involved in the acts that led to McLaughlin's

death. Therefore, the Court concludes Sheriff Jones is immune from liability for McLaughlin's

injuries under § 820.8.

As for the state law claims against the County, there is no dispute that McLaughlin was a

prisoner at the time of her injuries. (ECF No. 11-1 at 1.) Plaintiffs do not argue that § 844.6 is

inapplicable or subject to an exception in the instant case.  Instead, Plaintiffs cite excerpts from *Lawson v. Superior Ct.*, 180 Cal. App. 4th 1372, 1383 (2010), and *Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1004 (E.D. Cal. 2015).  (ECF No. 11 at 5–6.)  However, Plaintiffs fail to persuade the Court that either case is relevant.  The cited excerpt from *Lawson* merely recites § 844.6, and *Blanco* does not address immunity under § 820.8 or § 844.6.  In fact, *Lawson* appears to support Defendants' argument that § 844.6 imparts immunity in this case.  180 Cal. App. 4th at 1383 ("Although a public entity may be vicariously liable for the acts and omissions of its employees, that rule does *not* apply in the case of injuries to prisoners.") (emphasis in original).  Absent any coherent argument to the contrary, the Court concludes the County is immune from liability for McLaughlin's injuries under § 844.6.[2]

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment.  (ECF No. 10.)  The Clerk of Court is directed to enter judgment in Defendants' favor and close the case.

IT IS SO ORDERED.

DATE:  February 24, 2022

Troy L. Nunley
United States District Judge

---

[2]     For the same reasons that no personal involvement on the part of Sheriff Jones can be found under § 820.8, no personal involvement on the part of Sheriff Jones can be found under § 844.6(d) (allowing a public employee to be held liable for injury proximately caused by his negligent act or omission).